No. 67.—MICHAEL J. KENAN and FARISH CARTER, executors of George W. Murray, deceased, plaintiffs in error, *vs.* WILLIAM P. HALL and others, defendants.

[1.] Where a balance is found to be due legatees, in the hands of executors, who have been guilty of gross neglect, in not making annual returns to the Court of Ordinary, of the condition of the estate in their hands: *Held*, to be liable for such balance, with interest from the time it fell due, for six years, to be compounded at the end of that term, and at the end of every subsequent term of six years: *Held*, also, that such executors, neglecting to make annual returns, are not entitled to commissions for their trouble in managing the estate.

Exceptions to award, in Baldwin Superior Court. Decided by Judge JOHNSON, February Term, 1850.

William P. Hall and others, legatees under the will of George W. Murray, deceased, filed a bill against the executors, M. J. Kenan and F. Carter, for an account and settlement.

On motion, the cause was referred to the arbitrament of Charles J. McDonald and Francis H. Cone, and an umpire selected, as provided in the rule; by which rule, it was further provided, that on all questions of law, on request of either party, the decision should be in writing, and returned to the next term of Baldwin Superior Court, to be submitted to the Court for its decision, with liberty to either party to sue out a writ of error.

On a motion to make the award the judgment of the Court, the executors objected to the decision of the arbitrators as to the mode of computing interest against them. The following is the written decision, in compliance with the rule of reference :

"In taking the account of the liability of the executors on notes to the testator, the mode of charging interest on such notes, and especially as to the note of Dr. Fort, due to the testator on the 25th January, 1835, (amount, $3,518 80,) was discussed. Held, by Messrs. Cone and Sayre, that where the debtors were solvent, and the debts, by ordinary diligence, could have been collected within a reasonable time after the qualification of the executors, interest should be charged on the debts for six years, and then the interest combined with the principal, as debt; and thence subject to rests at the end of six years. And as Col. Carter did not take the debt of Dr. Fort into his hands until 26th March, 1840, and he renewed the debt, including interest from its maturity, and extended the time of payment, interest should be computed, on this new principal, for six years.

"On this point, Mr. McDonald held a contrary opinion, holding the rule of law, previous to the Act of 1847, to be, that executors are liable to account for simple interest only, and this case falls within the general rule. The executor did not make compound interest, nor use it in trade, but permitted it to remain in the hands of debtors for years; and when he collected a large sum, he immediately invested it in State stock. In 1838, suit was instituted on a note for $10,000 given ,by deceased, in behalf of Burton Hepburn; and in 1838 or 1839, suit was commenced on an alleged defalcation of $30,000 or $40,000 of testator, while acting as Cashier of the Bank of Darien. The first was determined in 1843. The last was eventually compromised in November, 1847, and within four months thereafter, Carter paid complainants $10,000."

This arbitrator gave his reasons, at some length, why, under these circumstances, compound interest should not be charged, and referred, especially, to the fact that there was no evidence that the executors loaned the money—used it, or in any wise made profits thereon.

The Court overruled the objections, and sustained the award of the majority upon this point. To which decision, the executors excepted.

Kenan and Carter *vs.* Hall and others.

The award denied to the executors any commissions, on the ground that they failed to make returns to the Court of Ordinary, as required by law ; to which the executors objected.   The Court overruled the objections, and the executors excepted; and upon these exceptions, error is assigned.

McDonald, for plaintiff in error.

Cone, for defendant.

*By the Court.*—Warner, J. delivering the opinion.

[1.] Two grounds of error are assigned to the judgment of the Court below.

1st. That the Court erred in deciding that the executors were not entitled to commissions.

2d. That the Court erred in deciding, that after the expiration of six years, the interest should be compounded—that is, the interest should be added to the principal debt, and interest be calculated on the whole amount.

In *Fall vs. Simmons et al.* (6 *Georgia Rep.* 265,) this Court held, that an executor or administrator, who fails to make annual returns, according to law, forfeits all commissions for his trouble in managing the estate.   The Act of 1792 expressly declares, that if any executor or administrator shall neglect to render annual accounts, he shall not be entitled to any commissions for his trouble in the management of the estate.   *Prince*, 226.   But it is said this Act only applies to Courts of Ordinary, and does not apply to Courts of Equity, when the executor is required to account in the latter Court.

The Act is a general one, and its *policy* is as applicable to the one Court as the other.   The Act of 1810 makes it the duty of all guardians, executors and administrators to render a full and correct account of the estate, as well as the *condition* of the estate, once in each and every year, to the Court of Ordinary, as well as a statement of the transactions of such estate, on oath.   *Prince*, 240.   Failing to comply with the requirements of the law, the executors must abide the penalty prescribed by the law, for their neglect.   In 1836, Kenan and Carter were qualified as executors. In 1838, they made a joint return, which shows a large amount

of assets in their hands, belonging to the estate of their testator. No return was made by either of the executors until 1846, when Carter made a return.   In 1847, Carter made another return, and in 1848, after the commencement of a suit against them by the legatees for an account, Carter made two returns.

No return was made by Kenan until 1848, after the commencement of the suit.   From 1838 to 1846, a period of eight years, no return was made to the Court of Ordinary by either executor, of the condition of this large estate in their hands.   When called on to account, Carter, one of the executors, denied that he owed complainants anything, but insisted that the estate was indebted to him.   There was found to be a balance due, however, from Carter to the complainants, including interest up to January, 1850, the sum of $7,297 25 ; and there was found to be a balance due from Kenan, including interest up to the same time, the sum of $22,146 68.

The defendants were charged with simple interest on the respective amounts, found to be in their hands, for six years, and then, the principal sum and the interest were added together, and interest computed on the whole amount.   In the case of *Fall vs. Simmons*, (before cited) this Court held, that an administrator who had been guilty of gross neglect, in not making returns of the condition of the estate in his hands, was liable to a distributee for the balance found in his hands, after allowing all disbursements, with interest from the time it fell due, for six years, to be compounded at the end of that term, and at the end of every subsequent term of six years.   The rule established in *Fall's* case, we think, was liberal enough, and especially so, when applied to the facts of this case.   It is said that there is no evidence that the executors loaned the funds in their hands, or used them for their own benefit. The answer to that suggestion, is the refusal or neglect of the executors to make annual returns, showing the true condition of the estate in their hands, raises a presumption against them, and in our judgment, they were properly charged with compound interest, after the expiration of six years, according to the rule established by this Court in *Fall's* case.

Let the judgment of the Court below be affirmed.